UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER CONLEY, and WILLIAM BRYCE, and SAMUEL DeJESUS, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>                         Plaintiffs,<br><br>        -against-<br><br>MAVIS TIRE SUPPLY, LLC,<br><br>                         Defendant. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

CHRISTOPHER CONLEY ("Conley"), and WILLIAM BRYCE ("Bryce"), and SAMUEL DeJESUS ("DeJesus"), (collectively as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against MAVIS TIRE SUPPLY, LLC ("Mavis" or "Defendant"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiffs' rights collectively guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each

payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); (v) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A., 34:11-56a *et seq.*; (vi) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; (vii) the overtime provisions of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. Labor 333.101 *et seq.*; (viii) the full payment provisions of the Pennsylvania Wage Payment and Collection Law ("PWPL"), 43 P.S. Labor 260.1 *et seq*; and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs Conley, Bryce, and DeJesus worked for Defendant - - a Delaware limited liability company that is headquartered in White Plains, New York, and which operates a nationwide tire sales and automobile services company - - as store managers, a managerial position in name only.  Conley worked as a store manager in New York from November 2020 through May 15, 2021.  Bryce worked as a store manager at multiple locations in New Jersey from July 2016 through September 2016, and then again from September 2020 until July 2022. DeJesus worked as a store manager in Pennsylvania from November 2021 until January 16, 2023.

3.      As described below, at all times within the applicable statutes of limitation ("the Relevant Period"), Defendant failed to pay Plaintiffs the overtime wages and/or full wages lawfully due to them under the FLSA, and/or the NYLL, and/or the NJWHL, and/or the NJWPL, and/or the PMWA, and/or the PWPL.  Specifically, despite Plaintiffs' duties not qualifying them for any exemption, Defendant routinely required Plaintiffs to work, and Plaintiffs did work, in excess of forty hours in a workweek, but Defendant paid Plaintiffs a flat weekly salary that did not include overtime premiums, and Defendant thus failed to pay Plaintiffs at the statutorily-

required overtime rate of one and one-half times their respective regular rates of pay for any hours that Plaintiffs worked in a week over forty, and thus not their full wages owed for each pay period.

4.      Defendant further violated the NYLL by failing to provide Conley with an accurate wage statement on each payday or with an accurate wage notice upon hire.

5.      Defendant has paid and treated all of its store managers, at least in New York, New Jersey, and Pennsylvania, in the same manner.

6.      Accordingly, Plaintiffs brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Conley, Bryce, and DeJesus also bring their claims under the NYLL and the NYCRR, and the NJWHL and the NJWPL, and the PMWA and the PWPL, respectively, on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

7.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL, NJWHL, NJWPL, PMWA, and/or PWPL limitations periods, who suffered damages as a result of Defendant's violations of those statutes and their supporting regulations.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is

invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York, New Jersey, and Pennsylvania state law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendant is headquartered in this District and made all relevant decisions with respect to the allegations at issue in the Complaint from within this District.

## PARTIES

10.     At all relevant times herein, Conley worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, Bryce worked for Defendant in New Jersey and was an "employee" entitled to protection as defined by the FLSA, the NJWHL, and the NJWPL.

12.     At all relevant times herein, DeJesus worked for Defendant in Pennsylvania and was an "employee" entitled to protection as defined by the FLSA, the PMWA, and the PWPL.

13.     At all relevant times herein, Defendant is a Delaware limited liability company with its headquarters located at 358 Saw Mill Road, Millwood, New York 10546.

14.     At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, the NJWHL, the NJWPL, the PMWA, and the PWPL. Additionally, at all times relevant to the FLSA, Mavis's qualifying annual business exceeded and exceeds $500,000, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and as it has store locations nationwide, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise with respect to all of Defendant's employees.

4

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs seeks to bring this suit to recover from Defendant unpaid overtime compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendant as a store manager and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16.     Defendant has treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were and/or are subject to the same laws and regulations; (3) were and/or are paid in the same or similar manner; (4) were and/or are required to work in excess of forty hours in a workweek; and (5) were and/or are not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17.     At all relevant times herein, Defendant is and has been aware of the requirement to pay its non-exempt employees, including Plaintiffs and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so.  Specifically, Plaintiffs complained to their supervisors on multiple occasions that the majority of their duties were that of customer service, sales, and a mechanic, and not a supervisor, yet Defendant continued not to compensate them at their overtime rate for the hours that they worked over forty in a workweek. Additionally, Defendant has been sued previously for these same violations in *Trentecoste v. Mavis Supply, LLC*, 22-cv-05257-PMH (S.D.N.Y.), and in fact paid $45,000.00 to resolve those

allegations against two former New York store managers, yet Defendant did not take any steps to change its classification of store managers from exempt to non-exempt.

18.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendant has subjected to violations of the NYLL, the NYCRR, the NJWHL, the NJWPL, the PMWA, and/or the PWPL.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

a.      The class is so numerous that joinder is impracticable;

b.      There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

21.     Plaintiffs seek certification of the following FRCP 23 classes:

(a) Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendant in New York as a store manager ("NY Rule 23 Plaintiffs");

(b) Current and former employees, who during the applicable NJWHL and NJWPL limitations periods, performed any work for Defendant in New Jersey as a store manager ("NJ Rule 23 Plaintiffs"); and

6

(c) Current and former employees, who during the applicable PMWA and PWPL limitations period, performed any work for Defendant in Pennsylvania as a store manager ("PA Rule 23 Plaintiffs," and together, with the above two sub-classes where appropriate, as "Rule 23 Plaintiffs").

Numerosity

22.     At all times relevant to the NYLL, the NJWHL, the NJWPL, the PMWA, and the PWPL Defendant has employed, in total, at least forty employees who are putative members of each subclass.

Common Questions of Law and/or Fact

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 subclasses, including, but not limited to, the following: (1) the duties that Defendant has required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a workweek; (4) whether Defendant failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek and/or NJ Rule 23 Plaintiffs and PA Rule 23 Plaintiffs their full wages owed for each pay period; (5) whether Defendant has furnished the NY Rule 23 Plaintiffs with a wage statement on each payday or with a wage notice at hire that accurately contained the information that NYLL §§ 195(3) and 195(1) respectively require; (6) whether Defendant has kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (7) whether Defendant has kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL, and/or the NJWHL,

and/or the NJWPL, and/or the PMWA, and/or the PWPL and their supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

24.     As described in the "Background Facts" section below, Defendant employed and/or employs Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL, and/or the NJWHL, and/or the NJWPL, and/or the PMWA, and/or the PWPL.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked, for Defendant, as store managers in New York, New Jersey, and/or Pennsylvania, and Defendant did not: properly pay them overtime at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty; and/or for NY Rule 23 Plaintiffs, provide them with an accurate wage statement on each payday or with an accurate wage notice at hire; and/or for NJ Rule Plaintiffs and PA Rule 23 Plaintiffs, provide them were their full wages owed for each pay period.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL, and/or the NJWHL, and/or the NJWPL, and/or the PMWA, and/or the PWPL to receive overtime wages at the rate of one and one-half times their regular rates of pay for all hours worked each week over forty, under the NYLL to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire, and under the NJWPL and the PWPL to receive their full wages owed for each pay period.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL, and/or the NJWHL, and/or the NJWPL, and/or the PMWA, and/or the PWPL and their supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus,

Plaintiffs' claims and/or Defendant's defense to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendant's defenses to those claims.

Adequacy

25.    Plaintiffs, as described below, performed similar duties and worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant.  Defendant did not pay Plaintiffs at a rate of one and one-half times their respective regular rates of pay for all of their hours worked over forty in a week, which is substantially similar to how Defendant has paid and treated the Rule 23 Plaintiffs.  Likewise, with respect to Plaintiff Conley and NY Rule 23 Plaintiffs, Defendant did and/or does not furnish them with an accurate wage statement on each payday or with an accurate wage notice at hire, both as the NYLL requires.  And with respect to Plaintiffs Bryce and DeJesus and NJ Rule 23 Plaintiffs and PA Rule 23 Plaintiffs, respectively, Defendant did and/or does not pay them their full wages owed for each pay period.  Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendant's Answer that pertain to them.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

26.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

Superiority

27.    Plaintiffs have no, or very few, material facts relating to their claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant has treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.    Any lawsuit brought by any store manager, or person working for Defendant in New York, New Jersey, or Pennsylvania would be identical to a suit brought by any other similar

employee for the same violations alleged herein. Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30.     Defendant is a Delaware limited liability company that operates a tire sales and automobile services company, which is headquartered at 358 Saw Mill Road, Millwood, New York, and which has more than 180 stores throughout New York, 130 stores in New Jersey, and 110 stores in Pennsylvania, as well as additional stores in other states, such as Massachusetts, North Carolina, South Carolina, Georgia, Florida, Alabama, Louisiana, Mississippi, Texas, Illinois, Wisconsin, Indiana, Michigan, and Ohio, for a total of approximately 830 stores, if not more.

31.     Plaintiff Conley worked for Defendant as a store manager from November 2020 through May 15, 2021, at the Colonie, New York location.

32.     Plaintiff Bryce worked for Defendant as a store manager from July 2016 through September 2016 at the Hazlet, New Jersey store, and then again from September 2016 until July 2022, at the Aberdeen, New Jersey store.

33.     Plaintiff DeJesus worked for Defendant as a store manager from November 2021 until January 16, 2023, at the Milford, Pennsylvania store.

34.     As store managers, despite their title, Plaintiffs' primary duties were that of customer service, sales, and mechanic. That is, Plaintiffs' managerial responsibilities were limited as they did not set employees' work schedules or pay, enforce or implement Defendant's

policies, and did not directly hire or fire employees or make recommendations of who to hire or fire that Defendant followed.  Instead, Plaintiffs' primary duties, i.e., well more than fifty percent of their duties, were to work on cars, perform inspections, sell tires, and provide customer service.

35.     Throughout his employment, Defendant required Plaintiff Conley to work, and Conley did generally work, five days a week, typically from 7:30 a.m. to 6:00 p.m. on Mondays, Tuesdays, and Fridays, 7:30 a.m. to 8:30 p.m. on Thursdays, and 7:30 a.m. to 5:00 p.m. on Saturdays, always without a scheduled or uninterrupted break during his shifts, for a total of fifty-four hours per week.

36.     Throughout at least the Relevant Period, Defendant required Plaintiff Bryce to work, and Bryce did generally work, five days a week, typically from 7:30 a.m. to 6:00 p.m. on Mondays, Tuesdays, and Fridays, 7:30 a.m. to 8:30 p.m. on Thursdays, and 7:30 a.m. to 5:30 p.m. on Saturdays, always without a scheduled or uninterrupted break during his shifts, for a total of fifty-four and one-half hours per week.

37.     Throughout his employment, Defendant required Plaintiff DeJesus to work, and DeJesus did generally work, five days a week, typically from 7:45 a.m. to 6:00 p.m. on Mondays, Tuesdays, and Fridays, 7:45 a.m. to 8:30 p.m. on Thursdays, and 7:45 a.m. to 5:00 p.m. on Saturdays, always without a scheduled or uninterrupted break during his shifts, for a total of fifty-two hours and forty-five minutes per week.

38.     For their work throughout at least the Relevant Period, except for Bryce from September 2020 until July 2022, during which time Defendant paid him a flat weekly salary of $1,300.00, Defendant paid Plaintiffs a flat salary of $1,000.00 per week, regardless of how many hours they worked in a week, plus a non-discretionary bonus determined by, *inter alia*, the

profitability of the store. Plaintiffs' weekly salary did not include overtime premiums at the rate of one and one-half times their regular hourly rate, whether factoring in their non-discretionary bonus or not, for any hours that Plaintiffs worked over forty in a week.

39.     By way of example only, for the week of April 11 to April 17, 2021, Defendant required Plaintiff Conley to work, and Conley did work, the following hours, without a scheduled or uninterrupted break during his shifts:

> Sunday, April 11, 2021: off;
>
> Monday, April 12, 2021: 7:30 a.m. to 6:00 p.m.;
>
> Tuesday, April 13, 2021: 7:30 a.m. to 6:00 p.m.;
>
> Wednesday, April 14, 2021: off;
>
> Thursday, April 15, 2021: 7:30 a.m. to 8:30 p.m.;
>
> Friday, April 16, 2021: 7:30 a.m. to 6:00 p.m.; and
>
> Saturday, April 17, 2021: 7:30 a.m. to 5:00 p.m.

Accordingly, Conley worked a total of fifty-four hours during this week. In exchange for his work, Defendant paid Conley his flat weekly salary of $1,000.00, and thus failed to pay Conley at the overtime rate of one and one-half times his regular hourly rate for the fourteen hours that he worked this week over forty.

40.     By way of example only, for the week of December 5 to December 11, 2021, Defendant required Plaintiff Bryce to work, and Bryce did work, the following hours, without a scheduled or uninterrupted break during his shifts:

> Sunday, December 5, 2021: off;
>
> Monday, December 6, 2021: 7:30 a.m. to 6:00 p.m.;
>
> Tuesday, December 7, 2021: 7:30 a.m. to 6:00 p.m.;

> Wednesday, December 8, 2021: off;
>
> Thursday, December 9, 2021: 7:30 a.m. to 8:30 p.m.;
>
> Friday, December 10, 2021: 7:30 a.m. to 6:00 p.m.; and
>
> Saturday, December 11, 2021: 7:30 a.m. to 5:30 p.m.

Accordingly, Bryce worked a total of fifty-four and one-half hours during this week. In exchange for his work, Defendant paid Bryce his flat weekly salary of $1,300.00, and thus failed to pay Bryce at the overtime rate of one and one-half times his regular hourly rate for the fourteen hours and thirty minutes that he worked this week over forty.

41.     By way of example only, for the week of December 4 to December 10, 2022, Defendant required Plaintiff DeJesus to work, and DeJesus did work, the following hours, without a scheduled or uninterrupted break during his shifts:

> Sunday, December 4, 2022: off;
>
> Monday, December 5, 2022: 7:45 a.m. to 6:00 p.m.;
>
> Tuesday, December 6, 2022: 7:45 a.m. to 6:00 p.m.;
>
> Wednesday, December 7, 2022: off;
>
> Thursday, December 8, 2022: 7:45 a.m. to 8:30 p.m.;
>
> Friday, December 9, 2022: 7:45 a.m. to 6:00 p.m.; and
>
> Saturday, December 10, 2022: 7:45 a.m. to 5:00 p.m.

Accordingly, DeJesus worked a total of fifty-two hours and forty-five minutes during this week. In exchange for his work, Defendant paid DeJesus his flat weekly salary of $1,000.00, and thus failed to pay DeJesus at the overtime rate of one and one-half times his regular hourly rate for the twelve hours and forty-five minutes that he worked this week over forty.

42.     Throughout the Relevant Period, Defendant paid Plaintiffs by check on a weekly basis for each weekly pay period.

43.     On each occasion when Defendant paid Plaintiff Conley during the Relevant Period, Defendant failed to provide Conley with a wage statement that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.  Defendant's failure to provide Conley with a proper wage statement deprived him of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

44.     Additionally, at the time of his hire, Defendant failed to provide Conley an accurate wage notice that listed, *inter alia*, Conley's rates of pay and basis thereof.  Defendant's failure to provide Conley with a proper wage notice deprived him of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

45.     Defendant treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46.     Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

47.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

48.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

52.     Defendant willfully violated the FLSA.

53.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

55.     Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who

worked in New York and who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

58.     As also described above, Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59.     Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

60.     Plaintiff Conley, Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61.     Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

63.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, are employees within the meaning of the NYLL.

64.     As also described above, Defendant, on each payday, failed to furnish Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts

into this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

65.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff Conley, NY Rule 23 Plaintiffs, any FLSA Plaintiff who worked in New York and who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

66.     Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire that contains accurate, specifically enumerated criteria.

68.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York, and who opts into this action, are employees within the meaning of the NYLL.

69.     As also described above, Defendant failed to furnish Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action, with any wage notice at their time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

70.     Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff Conley, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New York and who opts into this action and who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the NJWHL*

71.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

73.     As described above, Defendant is an employer within the meaning of the NJWHL, while Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are employees within the meaning of the NJWHL.

74.     As also described above, Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NJWHL's overtime provisions.

75.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are entitled to overtime pay for all hours worked each week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

76.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendant's violations of the NJWHL's overtime provisions.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Full Wages Owed in Violation of the NJWPL*

77.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

79.     As described above, Defendant is an employer within the meaning of the NJWPL, while Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are employees within the meaning of the NJWPL.

80.     As also described above, Defendant failed to pay Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, the full amount of wages due to them each pay period.

81.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are entitled to payment for all wages due to them that were not paid.

82.     Plaintiff Bryce, NJ Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendant's violations of the NJWPL's full payment provisions.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the PMWA*

83.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     43 P.S. Labor § 333.104(c) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

85.     As described above, Defendant is an employer within the meaning of the NJWPL, while Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, are employees within the meaning of the PMWA.

86.     As also described above, Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, have worked in excess of forty hours in a workweek, yet Defendant has failed to compensate them in accordance with the PMWA's overtime provisions.

87.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, are entitled to overtime pay for all hours worked each week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

88.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, are also entitled to attorneys' fees and costs for Defendant's violations of the PMWA's overtime provisions.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Pay Full Wages Owed in Violation of the PWPL*

89.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.     43 P.S. Labor § 260.3 requires employers to pay the full amount of wages due to employees, as provided in a written contract, or within the standard time customary in the trade or no later than fifteen days from the end of such pay period.

91.     As described above, Defendant is an employer within the meaning of the PWPL, while Plaintiff Bryce, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in New Jersey and who opts into this action, are employees within the meaning of the PWPL.

92.     As also described above, Defendant has failed to pay Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, the full amount of wages due to them each pay period.

93.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, are entitled to payment for all wages due to them that were not paid.

94.     Plaintiff DeJesus, PA Rule 23 Plaintiffs, and any FLSA Plaintiff who worked in Pennsylvania and who opts into this action, are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the PWPL's full payment provisions.

## DEMAND FOR A JURY TRIAL

95.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York, New Jersey, and Pennsylvania laws;

b.   Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendant from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL, the NYCRR, the NJWHL, the NJWPL, the PMWA, and the PWPL, pursuant to FRCP 23;

f.   Awarding all damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA, the NYLL, the NJHWL, the NJWPL, the PMWA, and/or the PWPL;

h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i. Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and the FRCP;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: January 24, 2023
      Garden City, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
     MICHAEL J. BORRELLI, ESQ. (8533)
     ALEXANDER T. COLEMAN, ESQ. (AC 1717)